UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAYLE JONES,

    Plaintiff,                                          Case No. 05-72423

vs.                                                  HONORABLE AVERN COHN

CITIFINANCIAL MORTGAGE COMPANY, INC.,
CITICORP TRUST BANK, and TROTT & TROTT.

    Defendants.
_____/

**ORDER OF DISMISSAL**

Plaintiff Gayle Jones filed a pro se complaint against defendants Citifinancial Mortgage Company, Inc., Citicorp Trust Bank, and Trott & Trott. Plaintiff has been granted in forma pauperis status. For the reasons which follow, the Court shall dismiss plaintiff's complaint as frivolous under 28 U.S.C. § 1915(e)(2).

The screening procedures established by § 1915 apply to complaints filed by non-prisoners and prisoners. McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997). Section 1915(e)(2) allows the Court to dismiss a complaint at any time if it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from such relief. A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). When reviewing pro se complaints, the court must employ standards less stringent than if the complaint had been drafted by counsel. Haines v. Kerner, 404 U.S. 519 (1972).

The Court has read the complaint. From what can be gleaned, plaintiff is suing

Citifinancial Mortgage Company, Inc., Citicorp Trust Bank, and their attorneys, Trott & Trott, claiming that they violated her constitutional rights regarding a foreclosure on her home.  Plaintiff apparently financed the home under a land contract and says that the forfeiture is unenforceable.  She claims she had a right to withhold payment and seeks title to her property.

Plaintiff previously filed a nearly identical complaint in this Court which was dismissed as frivolous for failing to articulate an intelligible and discrete federal claim against either of the named defendants.  The Court also returned the filing fee to plaintiff.  See Order of Dismissal in case no. 04-74479 filed November 29, 2004.

In the current complaint, plaintiff appears to indicate that there has been state court action regarding the dispute, as she references a state court case number as well as a state court judges.  To the extent that plaintiff seeks review of any state court orders, this Court lacks jurisdiction to review a case litigated and decided in state court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 & n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).  Moreover, as in her prior complaint, plaintiff has failed to articulate an intelligible claim against defendants.

Accordingly, the petition is dismissed as frivolous under 28 U.S.C. § 1915(e)(2).

In light of this disposition, the Court certifies that any appeal would also be frivolous.  28 U.S.C. § 1915(e)(2).

SO ORDERED.

Dated:  July 20, 2005

 s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

2